UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARSHALL ABBOTT, et al.,

                       Plaintiff(s),            **ORDER**
                                                           CV 05-5051 (ADS) (WDW)

    -against-

WILLIAM COYLE, et al.,

                       Defendant.
----------------------------------------------------------------X
**WALL, Magistrate Judge:**

      Before the court is a motion by defendants Town of Islip, Peter McGowan, William Coyle, Joseph Mandanici, and John Scimeca (collectively the "Town defendants") to compel the return of certain documents that the defendants claim are protected by the attorney client privilege and that were inadvertently disclosed to plaintiffs [16]. Three actions[1] have been consolidated for discovery purposes, and the motion was served by mail on plaintiffs' counsel in all the actions. According to the Town defendants, only plaintiffs in the *Reynolds* case object to this motion; plaintiffs in the *Abbott* and *Betz* cases do not object. None of the plaintiffs, including those in the *Reynolds* case, have filed opposition to the instant motion. The motion is granted, both on the merits and as unopposed.

      The documents in question, which are Bates-stamped 600-06, 72-72, 198-99, and 200-205, were produced to the court and filed under seal. Three of the documents were created by defense counsel: two are internal file memos prepared by attorneys, and the third contains handwritten notes made by an attorney. *See* Serfaty Aff. ¶19. The fourth document is a chronology clearly marked "DOCUMENT PREPARED FOR LITIGATION – NOT SUBJECT TO FOIL" and was

---

[1] *Reynolds, et al. v. Coyle, et al.,* CV 05-4463; *Abbott, et al. v. Coyle, et al.,* CV 05-5051; and *Betz, et al. v. McGowan, et al.,* CV 05-5116

identified on defendants' privilege log as "notes prepared in anticipation of litigation" by defendant John Scimeca. The court finds that all the documents are privileged. Thus, the question becomes whether that privilege was waived by the production of the documents.

The Town defendants argue that the documents were inadvertently produced and, pursuant to the policy followed in this District, such inadvertent disclosure does not amount to a waiver. The Eastern and Southern Districts have used a middle of the road approach to inadvertent disclosure in which courts balance four relevant factors: "(1) the reasonableness of the precautions taken by the producing party to prevent inadvertent disclosure of privileged documents; (2) the volume of discovery versus the extent of the specific disclosure at issue; (3) the length of time taken by the producing party to rectify the disclosure; and (4) the overarching issue of fairness." *United States v. Rigas,* 281 F. Supp. 2d 733, 737-38 (S.D.N.Y. 2003)(citing *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.,* 104 F.R.D. 103, 105 (S.D.N.Y. 1985)). This test "recognizes that inadvertent production may be excusable in complex litigation but 'also creates an incentive for counsel to guard the privilege closely, as the failure to take reasonable precautions will result in waiver.'" *Local 581 of the Int'l B'hood of Teamsters, v. Kuehne & Nagel Air Freight, Inc.,* 36 F. Supp. 2d 127, 131 (E.D.N.Y. 1998)(quoting *United States v. Gangi,* 1 F. Supp. 2d 256, 263 (S.D.N.Y. 1998)).

Applying these factors, the court finds that the Town defendants have not waived the privilege. Under the first factor, courts generally will not find waiver by inadvertent disclosure "unless the producing party's actions were 'so careless as to suggest that it was not concerned with the protection of the asserted privilege.'" *Rigas*, 281 F. Supp. 2d at 738 (quoting *Aramony v. United Way of America,* 969 F. Supp. 226, 235 (S.D.N.Y. 1997)). In this case, the Town defendants took several steps to prevent the disclosure including three separate reviews of the

2

documents. *See* Serfaty Aff. ¶6. All the documents at issue were flagged by counsel as privileged and verbally identified as such to the person in charge of copying. Furthermore, the Scimeca notes were noted on a Privilege Log that was served on plaintiffs with the document production on September 15, 2006. *Id.* at ¶10. The documents were inadvertently produced despite the reasonable precautions taken by defendants.

Consideration of the second, third, and fourth factors also support a finding that the privilege has not been waived. Only four privileged documents, totaling approximately 22 out of 648 pages, were inadvertently produced. *Id.* at ¶12. The Town defendants discovered the error quickly and sought the return of the documents within two weeks of their production. *Id.* at ¶11. Finally, the court finds that interests of fairness further support the conclusion that no waiver exists.

The Town defendants' motion is granted. All plaintiffs shall, **no later than January 5, 2007**, return all copies of the inadvertently produced documents. If compliance with this directive requires return of a CD-ROM disk, the Town defendants shall promptly prepare replacement disks to be served upon plaintiffs when the original disks are returned.

Dated: Central Islip, New York
       December 21, 2006

**SO ORDERED:**

 /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge